[Civ. No. 9415.   Third Dist.   May 28, 1959.]

SUN GARDEN PACKING COMPANY (a Corporation), Respondent, v. OLINTO NARDUCCI et al., Appellants.

Mazzera, Snyder & DeMartini for Appellants.

Boccardo, Blum, Lull, Niland & Teerlink and Edward J. Niland for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment rescinding a contract. Prior to October 7, 1947, appellant Narducci was the owner of some 800 acres of land suitable for the growing of asparagus. On that day he leased the same to appellant Luchini and to Louis Gianni and Giovanni Sani. The term of the lease was 14 cropping years. On December 18, 1947, the three lessees and appellant Narducci formed a partnership for the specific and sole purpose of growing asparagus on the leased property. Thereafter the lease was assigned to the partnership. In 1955, the corporate respondent which operates a cannery sought to purchase the partnership's lease in order to obtain the asparagus crop growing on the property. Negotiations therefor were carried on through a Mr. Williams, a real estate broker. Appellants Narducci and Luchini were willing to sell their interests if Gianni and Sani did not object. The latter two refused to sell, but Williams and an agent of respondent assured appellants that if they would sell their interests respondent "would take care of" Gianni and Sani. The negotiations between respondent and appellants continued and resulted in the execution of title documents as follows: (1) An assignment from appellants to respondent dated March 10, 1955, which, after reciting that appellants were the owners of a one-half interest in the lease, declared that appellants did thereby "sell, assign and transfer over to Sun Garden Packing Company, a California Corporation, all our one-half interest in and to said Lease." (2) A consent to the assignment by appellant Narducci as owner of the land covered by the lease. (3) An acceptance by respondent Sun Garden Packing Company of the assignment whereby it also bound itself to perform the terms, covenant and conditions of the lease. (4) A document called a "Bill of Sale" which document recited that appellants did thereby sell, assign, transfer and set over to respondent their "undivided one-half (½) interest in and to" certain described personal property "included in Empire Ranch Lease, . . . by and between Olinto Narducci, as Lessor, and Louis Gianni, Giovanni Sani and Vincent Luchini, as Lessees." This document described the personal property sold and stated that the bill of sale covered all equipment "now owned by the partnership consisting of Olinto Narducci, Vincent Luchini, Louis Gianni, and Giovanni Sani" and on the ranch premises. By that document appellants also warranted that they owned an undivided one-half interest in the described personal property free and clear of

liens and encumbrances, that there were no bills outstanding against the property; and they warranted the sale of their "undivided one-half interest in and to said personal property" against all persons lawfully claiming or to claim the same. At the trial of this case it was stipulated that the lease and the personal property were assets of the partnership.

Section 15027, subdivision (1), of the Corporations Code provides that: "A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, . . . ; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled."

Respondent agreed to pay appellants $80,000 in consideration of the bargain between them and after the execution of the aforementioned documents, respondent endeavored to enter into possession of the leasehold with Gianni and Sani as owners of the other one-half interest. But Gianni and Sani refused to admit them, claiming that as nonselling partners they were entitled to exclusive possession as against respondent and the exclusive right to conduct the business of the partnership without interference from or intrusion by respondent. It appears that the primary motive of respondent in purchasing from appellants was to obtain asparagus for their cannery. That commodity was in scarce supply and at the same time commanded a high price on the market. After attempting to obtain a share of the asparagus—the attempts including amicable negotiations with Gianni and Sani and the filing and later dismissal of a suit in partition— respondent began this action for rescission. The trial court granted respondent this relief, basing its action upon failure of consideration. Appellants have appealed, contending that the evidence is insufficient to support the judgment and that respondent, by failing to rescind promptly, had elected to affirm the transaction.

The trial court found that appellants had sold to respondent an undivided one-half interest in the lease and in the crop of asparagus growing on the property and in the personal property described in the bill of sale; that it was the intention of appellants by the sale to vest in respondent such undivided one-half interest; that prior to the sale ap-

pellants had entered into a partnership agreement with Gianni and Sani and that the lease had been assigned to the partnership which was the owner thereof; that thereafter appellants no longer had any right, title or interest which they could convey to respondent but that prior to the sale they did not make known to respondent that the partnership owned the subject matter of the sale and on the contrary had represented to respondent that appellants had title to the property sold; that respondent relied on the representations and so relying consummated the sale and paid the consideration to appellants; that the purported assignment of the lease conveyed nothing to respondent resulting in a failure of consideration; that the partnership agreement contained a restrictive covenant providing that Gianni and Sani should have the right of control and supervision over all of the farming operations of the partnership and the business thereof and that equipment and property owned by the partnership should not be used for other than partnership purposes; that it was neither the intention of appellants nor of respondent that a sale of the lease and personal property should be made subject to said restrictive covenant; that respondent at no time prior to consummation of the sale and payment of the price had had any knowledge of the existence of said restrictive covenant in said partnership agreement nor of any of the terms and conditions of that agreement; that after the payment of the price respondent endeavored to take possession of an undivided one-half interest in the property sold, but that Sani and Gianni had refused to deliver possession thereof, claiming that under the partnership agreement they were the sole owners thereof; that during the year 1955 Sani and Gianni had converted to their own use all of the leasehold interest, all of the asparagus crop grown and harvested upon the property, and all of the personal property; that respondent had received nothing whatsoever for the purchase price and that on June 1, 1955, respondent had notified appellants that it cancelled and rescinded the agreement of sale between them for failure of consideration and had demanded return of that part of the price paid in cash with cancellation of the note and chattel mortgage securing the note for the balance of the price. As conclusions of law from the foregoing findings of fact, the court concluded that the respondents were entitled to the relief of rescission and judgment was thereafter entered accordingly.

Attacking the findings as unsupported by the evidence, appellants contend that there is no evidence to support the following findings: That it was the intention of appellants by the sale to vest in respondent an immediate right to receive an undivided one-half interest in the lease, the asparagus crop and the personal property; that the lease and the personal property were assets of the partnership; that appellants, as individuals, had no interest in the lease and personal property which they could convey; that the purported assignment of the lease and the bill of sale conveyed nothing. Appellants insist that the evidence conclusively establishes, contrary to the findings, that respondent was willing to and did purchase the partnership interest of defendants, knowing that was what it was purchasing, because it wanted to have an advantage in dealing with Gianni and Sani in an effort to control the crop of asparagus, being aware at all times of the existence of the partnership and of its ownership of the lease and personal property.

■ First, as to the intention of the parties to the bargain that thereby respondent should receive immediately a title to an undivided one-half interest in the lease, the asparagus crop and the personal property, the finding is supported by ample evidence. The form of the documents executed at the conclusion of and in consummation of the bargain are in harmony with the court's finding as to intention. They purport to convey a common tenancy title, not an interest in a partnership. There was direct testimony that it was the desire of respondent to buy such an interest in the asparagus operation as would entitle it to take and use one-half of the asparagus crop and that this was known to appellants. Appellant Narducci testified that he knew respondent wanted to "buy something, that . . . would give them some asparagus" and that he supposed that when respondent had paid for what he sold it would "be able to get some asparagus"; that he knew respondent wanted to buy something that would give it one-half the asparagus. Appellant Luchini testified that when he talked with the agent of respondent and with Mr. Williams they told him they were interested in getting asparagus for respondent; that they wanted to get his quarter and Narducci's quarter so that between them they would get one-half the asparagus and that he (Luchini) wanted to do whatever had to be done in return for the $80,000 so that respondent would get the asparagus; that when he signed the papers he supposed that respondent would get one-half

of the asparagus not only for that year but year by year to the end of the lease. There is much more than this but that is enough to support the court's finding that it was the intention of the parties to the bargain that thereby respondent would immediately receive title to an undivided one-half interest in the lease, the asparagus crop and the personal property.

Turning now to the second assignment of insufficiency of evidence, it is apparent that the language of the findings attacked was adopted in view of the court's finding as to the object of the parties and as to their intentions concerning the completed bargain. The challenged findings are to the effect that, because the lease and the personal property had become assets of the partnership, appellants could no longer convey to someone else the same interest which they had already conveyed to the partnership and since the transfer of such an interest was the subject of the bargain the purported assignment of the lease and bill of sale of the personal property did not convey that interest. Therefore, in view of the real bargain and of the intention of the parties to that bargain, there was a failure of consideration. Appellants argue that they did have an interest which they could and, by the documents they executed, did convey. Those documents, they argue, were sufficient to convey whatever interest they had. *Arguendo,* this may be conceded, but the concession does not detract from the court's findings of failure of consideration in view of the subject of the bargain being made and the intention of the parties with respect thereto. The trial judge summed up the matter succinctly at the close of the evidence as follows: "They didn't buy an interest in the partnership. They bought an interest in the leasehold, and you came in here when they tried to take possession, did everything you could to keep them out. Now, you are taking the position that they shouldn't get their money back. I can't reconcile it, so I will dispense with any briefs and plaintiff will take jugdment as prayed for."

Appellants further contend that respondent was willing to and did purchase a partnership interest, knowing it to be such and therefore got exactly that for which it bargained. In support of this contention appellants refer to various portions of the evidence. Thus they refer to the testimony of a Mr. Hamm, appellant Narducci's attorney, who drafted the various documents executed in consummation of the bargain and who stated that Narducci and Williams told him that there

was a partnership and that Narducci and Luchini were selling out their half interest in the lease and in the asparagus crop to respondent. They refer to the testimony of an agent for respondent to the effect that asparagus was in great demand in 1955 and that it was necessary for respondent to have a constant and ample flow of asparagus each year thereafter. They refer to the testimony of Luchini that Williams and two officers of respondent had promised him ''to take care of everything'' and to ''take care of Sani and Gianni.'' They refer to the documents executed in which there appear some references to a partnership. These portions of the evidence do no more than raise a conflict with the evidence hereinbefore referred to which supports the trial court's resolution of the issues. Mr. Hamm did not testify that he ever told respondent anything about the existence of the partnership and he said he had not been shown any partnership agreement until after the bargain had been made. One of the agents of respondent testified that Mr. Hamm had told him that he knew of nothing that ''combined a partnership with the lease.''

In further support of their claim that respondent was fully aware of the existence of the partnership, or at least was charged with knowledge thereof, appellants refer to testimony by themselves as witnesses that throughout the negotiations they requested respondent's representatives with whom they dealt to be sure that Gianni and Sani would be satisfied with their sale to respondent and that they received assurances that Gianni and Sani would be taken care of and that appellants need not concern themselves about that matter. They point to testimony that one of respondent's representatives saw Gianni at the ranch before the bargain was closed but did not ask him what interest he had in the property nor why he was apparently in possession. Such matters again go no farther than to raise conflict. There was the lease which showed on its face that Gianni and Sani were colessees and, therefore, cotenants under the lease, making the apparent fact of their possession harmonious and consistent with the lease provisions and consistent further with the conveyance by appellants of the interest in the leasehold, which, as the court found, respondent was interested in buying. There was the form of the bargain documents actually executed from which could be inferred an innocent ignorance on the part of respondent and its agents that appellants could not convey the particular interest which they purported to convey and which respondent wanted to buy. There was the great need of re-

spondent to obtain asparagus for its cannery, particularly during the year in which the bargain was made, indicating they would not have paid $80,000 for a mere interest in the profits that might through the years inure to them if they purchased appellants' partnership interest. It is clear from the record that the trial court was not compelled as a matter of law to hold that respondent had or was charged with such knowledge as to compel findings that it knowingly bought partnership interests and therefore could not complain or claim failure of consideration when it got nothing more.

■ Finally, appellants contend that respondent did not rescind or attempt to rescind with sufficient promptness but actually elected to and did affirm the transaction. It appears that after the bargain had been consummated and respondent had endeavored to enter upon the real property as cotenants with Gianni and Sani and had been prevented from doing so, respondent, on April 6, 1955, filed a suit against Gianni and Sani for partition and the appointment of a receiver. In the complaint respondent alleged that it was coowner and colessee of an undivided one-half interest in the leasehold by reason of the assignment of Narducci and Luchini of such undivided one-half interest. Before filing the suit respondent had attempted to work out its problems by an amicable deal with Gianni and Sani. Chronologically, with respect to lack of diligence in declaring rescission, the following appears in the record: The sale was completed March 11, 1955. On March 14th Gianni and Sani refused to allow respondent's representative to take an inventory, stating that appellants were his "partners" and had had no right to sell their interest in the lease. About 10 days or two weeks later the written partnership agreement was found and disclosed to respondent. For several weeks thereafter respondent tried unsuccessfully to arrange matters so that it could get the asparagus it needed for its cannery. On April 6th respondent filed the partition action. On April 19th its motion for appointment of a receiver was argued before the court and submitted. On May 5th the court denied the motion for the appointment of a receiver. On July 22d respondent dismissed its partition action. On August 1, 1955, it began the present action for rescission. Whether or not the lapse of time between knowledge of the right to rescind and the election to do so furnishes ground for a successful claim of waiver of the right to rescind was a question for the trial court to settle factually. (*French* v.

*Freeman,* 191 Cal. 579, 590 [217 P. 515] ; *Williams* v. *Marshall,* 37 Cal.2d 445, 455 [235 P.2d 372].) Upon this record the decision of the trial court upon the point of promptness and waiver cannot be disturbed.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.